**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **ELIZABETH SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO. _____** |
| | ) | |
| **v.** | ) | **JURY TRIAL REQUESTED** |
| | ) | |
| | ) | |
| **CAHABA CENTER FOR** | ) | |
| **MENTAL HEALTH,** | ) | |
| | ) | |
| **Defendant.** | | |

## COMPLAINT

**COMES NOW** the Plaintiff, Elizabeth Smith, by and through the undersigned counsel of record, and hereby doth complain against the above-named Defendant, as set forth herein-below.

## I.  JURISDICTION & VENUE

1.      Plaintiff Smith files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331 and 1334 (a)(4), as an action arising under the Act of Congress known as Title VII of the Civil Rights Act of 1964, (42 U.S.C. § 2000(e) et seq.), as amended by the 1991 Civil Rights Act, 42 U.S.C. § 1981(a); the Age Discrimination in Employment Act (29 U.S.C. § 621, et seq.) and 42 U.S.C. § 1201, et seq., to obtain equitable relief, the costs of suit, including reasonable attorneys' fees, and damages suffered by the Plaintiff, due to the Defendant's discrimination against Plaintiff.

2.      Plaintiff Smith filed a charge of race and age discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") in Birmingham, Alabama on

December 11, 2019.  Plaintiff received a right-to-sue on June 16, 2020, giving Plaintiff the right to pursue this claim in federal court for 90 days after said receipt.  (Exhibit A).

3.      Venue is proper in the Northern Division of the Southern District of Alabama, since the alleged discriminating action of Defendant occurred in Dallas County, Alabama.

## II.  PARTIES

4.      The named Plaintiff, Elizabeth Smith (hereinafter "Plaintiff" or "Ms. Smith"), is a citizen of the United States and a resident of Selma, Alabama.  Plaintiff is over the age of nineteen years.

5.      The Defendant, Cahaba Center for Mental Health (hereinafter "Defendant" or "CCMH"), is a business entity operating under the laws of the State of Alabama and located in Dallas County, Alabama.  Ms. Smith was employed by CCMH until her termination on October 9, 2019.

## III.  STATEMENT OF FACTS

6.      Ms. Smith is a sixty-two (62) year old African American female.

7.      Ms. Smith was hired by CCMH around the year 1988 and was a loyal, hard-working employee for thirty-one (31) years.  Ms. Smith was initially hired as a residential secretary, but worked her way up to a case manager, and then to a residential coordinator.

8.      Most recently, Ms. Smith was employed as the Day Treatment/Rehabilitative Day Program Coordinator, where she was responsible for the supervision, development, and implementation of CCMH's Intensive Day

Treatment/Rehabilitative program.  Ms. Smith's years of experience at CCMH made her highly qualified for her position, and she performed her job duties well.

9.      Nonetheless, despite her being a loyal employee for thirty-one (31) years, Ms. Smith was abruptly terminated on or about October 9, 2020 by CCMH Executive Director, Carrie Bearden, a Caucasian female in her 40's.

10.      CCMH's proffered reason for Ms. Smith's termination appears to be that she fraudulently constructed an inaccurate consultant's request via an interoffice document that never went to the client in question.  Ms. Smith avers that CCMH's proffered reason for her termination is pretextual.

11.      Ms. Smith avers that she was assisting a subordinate therapist, namely Bonnie Hobbs, a younger Caucasian female, in preparing the document in question.  In preparing the document, Ms. Smith caused no harm to anyone and sent the document in advance to Ms. Hobbs for her review, which provided ample opportunity for Ms. Hobbs to object and/or request a correction, had she wanted to do so.

12.      Ms. Smith further avers that this was an isolated incident that had never occurred before, not a pattern and practice to deceive at CCMH.  Accordingly, given her years of employment, some sort of progressive discipline would have been far more appropriate if used, given Ms. Smith's superior employment record.

13.       Nonetheless, this incident gave Ms. Bearden a surface excuse, though unjustified, to terminate Ms. Smith, and replace her with Ms. Hobbs, a much younger Caucasian who is much less qualified for the position.  Accordingly, CCMH's decision to terminate Ms. Smith further reflects a pattern and practice of race discrimination in employment decisions.  CCMH's upper management is overwhelmingly Caucasian, and

is in essence a "sister-clique" of younger Caucasian females.  CCMH's management's actions have overwhelming favored Caucasian employees while subjecting African-American employees to disparate treatment.

14.     Ms. Debra Evans, another older African-American and former twenty-four (24) year employee of CCMH, was also terminated on or about October 7, 2019 for paperwork not being completed in a timely manner.

15.     Mr. Tracy Vaughn, an African-American male who had worked at CCMH for over ten (10) years, was terminated around February 2020.   In addition, Ms. Lakeshia Harrison, an African-American female, who had worked at CCMH for approximately sixteen (16) years, was terminated in February 2020.

16.     In another incident, an African-American employee was terminated as a result of a picture on her Facebook page.  The employee did not post the picture herself, but it was sent by another individual.

17.     Nonetheless, Ms. Tammy Till, a Caucasian female, was promoted to the Director of Developmental Disability Services position.  This position was not posted, and Ms. Till did not have to interview for the job.

18.     Further, Caucasian employees are allowed to regularly run personal errands while on the clock and/or travel to their homes.  This employees include Billy Day and Lynne Sanders.  Yet African-American employees are required to sign out when they leave the office, but Caucasian employees are not required to sign out.

19.     Based on the foregoing, Ms. Smith has been subjected to race discrimination, in violation of Title VII, 42 U.S.C. § 2000(e) and age discrimination, in

violation of the ADEA, 29 U.S.C. § 621, et seq.   As a result of the discrimination practiced against her, Ms. Smith has suffered severe mental and emotional distress.

20.     As a result of her termination, Ms. Smith has lost income and benefits, and will continue to lose income in the future.   Given her age, it has been difficult for Ms. Smith to find similar employment.   In addition, to pursue this matter, Ms. Smith has incurred costs and attorney's fees.

## IV.  PLAINTIFF'S  CAUSES OF ACTION

## COUNT ONE - RACE DISCRIMINATION

21.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 20 above, the same as if more fully set forth herein, and further avers that the Defendant's actions toward her violated her right to be free of racial discrimination in employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. § 2000(e), et seq.), and the 1991 Civil Rights Act, and 42 U.S.C. 1981(a).

22.     CCMH engaged in a pattern and practice of race discrimination against its African-American employees.   CCMH made employment decisions based on race that adversely affected African-American employees.

23.     Ms. Smith was terminated because of her African-American race.   Any other proffered reason given by CCMH for her termination is pretextual.

24.     Ms. Smith was replaced by a less qualified Caucasian employee.

25.     As a proximate cause of Defendant's afore-described actions in discriminating against Plaintiff, due to her race, Plaintiff was injured and damaged, as set forth in paragraphs 1 through 20 above.   In addition, Plaintiff has suffered considerable mental and emotional anguish.

26.     Plaintiff avers that she has pursued and exhausted her administrative remedies.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Smith respectfully prays that this Court grant the following relief:

a)     Judgment declaring that the Defendant discriminated against Plaintiff, on the basis of Plaintiff's race;

b)     An order granting Plaintiff compensation for rights to which Plaintiff would have been entitled, had Plaintiff not been the victim of race discrimination, effective from the date of final judgment;

c)     An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled;

d)     An award of punitive damages, due to the egregious nature of the race discrimination practiced against Plaintiff so openly tolerated, ratified and acquiesced in by the Defendant;

e)     An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief; and

f)     Such further, other and different relief as the Court may deem appropriate and necessary.

## COUNT TWO - AGE DISCRIMINATION

27.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 20 above, the same as if more fully set forth herein, and further avers that the

6

Defendant has discriminated against her due to her age by wrongfully terminating Plaintiff's employment and replacing her with a younger employee.

28.     Plaintiff avers that the aforesaid actions of the Defendant violated 29 U.S.C. § 621, et seq. prohibiting age discrimination in employment.

29.     Plaintiff avers that she has suffered economic damage as a proximate cause of said age discrimination.  Plaintiff avers that the age discrimination practiced against her was willful, thus entitling Plaintiff to double damages.

30.     Plaintiff further avers that she has pursued and has exhausted her administrative remedies.

## PRAYER FOR RELIEF

**WHEREFORE**, premises considered, Plaintiff prays that this Honorable Court will, upon a final hearing of this cause, enter an order with the following provisions:

a)     A judgment declaring that Plaintiff was discriminated against by the Defendant, due to Plaintiff's age, and

b)     An order reinstating Plaintiff into her position of employment;

c)     An award of back pay for all lost wages, and in the event Plaintiff is not reinstated, then an award of front pay to which Plaintiff may be entitled;

d)     An award of all court costs and reasonable attorney's fees, including those incurred for seeking administrative relief;

e)     A doubling of damages due to the willful nature of the age discrimination practices against Plaintiff.

f)     Such further, other and different relief as this Court may deem appropriate and necessary.

## V.  JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.


Respectfully submitted this 1st day of July 2020

Elizabeth Smith, Plaintiff

_____
Julian McPhillips (ASB-3744-L74J)
Counsel for Plaintiff

_____
Chase Estes (ASB-1089-F44L)
Counsel for Plaintiff


**OF COUNSEL:**
**MCPHILLIPS SHINBAUM, L.L.P.**
516 South Perry Street
Montgomery, Alabama 36104
Telephone:  (334) 262-1911
Facsimile:  (334) 263-2321
julianmcphillips@msg-lawfirm.com
cestes@msg-lawfirm.com